IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR GABRIEL NUNEZ, | § | |
| TDCJ No. 1505996, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:24-cv-405-S-BN |
| | § | |
| JAMADRE L. ENGE, Senior Warden, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Texas prisoner Victor Gabriel Nunez

"was convicted of capital murder and sentenced to life imprisonment." *Nunez v. State*, No. 05-08-00711-CR, 2009 WL 1677821, at *1 (Tex. App. – Dallas June 17, 2009). This conviction and sentence were affirmed on appeal. *See generally id.* And the Texas Court of Criminal Appeals … denied Nunez's petition for discretionary review. *See Nunez v. State*, No. PD-0971-09 (Tex. Crim. App. Sept. 30, 2009).
  Nunez did not seek review from the Supreme Court of the United States. But he did pursue state-habeas relief, the first state petition being filed no sooner than August 21, 2012.

*Nunez v. Davis*, No. 3:16-cv-1011-L-BN, 2017 WL 3616648, at *1 (N.D. Tex. May 30, 2017), *rec. accepted*, 2017 WL 3601896 (N.D. Tex. Aug. 22, 2017) (dismissing Nunez's initial Section 2254 petition as time barred).

Earlier this year, Nunez filed in the Eastern District of Texas a *pro se* habeas petition under 28 U.S.C. § 2241 challenging his capital murder conviction. *See* Dkt. No. 1.

After the petition was transferred to this district, *see* Dkt. No. 3, the presiding United States district judge referred it to the undersigned United States magistrate

judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Nunez's petition must be considered under Section 2254 and is therefore unauthorized as successive, the Court should dismiss the application without prejudice under the circumstances here.

## Discussion

"[T]he so-called gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b), governs federal habeas proceedings" and "sets stringent limits on second or successive habeas applications." *Banister v. Davis*, 590 U.S. ___, 140 S. Ct. 1698, 1703 (2020).

Under this provision, "[a] state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction" but "may not usually make a 'second or successive habeas corpus application.'" *Id.* at 1702 (quoting 28 U.S.C. § 2244(b)).

And a state prisoner may not "may not skirt [these restrictions] by labeling [his] application as one under Section 2241," *May v. Cosby*, No. 3:21-cv-2053-X-BN, 2021 WL 3885249, at *1 (N.D. Tex. Aug. 31, 2021) (citations omitted), as AEDPA's

> restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ," [which itself] "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." [And the added restrictions which [AEDPA] places on second habeas petitions are well within the compass of this evolutionary process, and … do not amount to a "suspension" of the writ contrary to Article I, § 9 [of the United States Constitution].

*Felker v. Turpin*, 518 U.S. 651, 664 (1996) (citations omitted).

*Felker*, among other authority, also empowers the district court to – "[i]rrespective of the label a petitioner uses" – "consider a filed habeas petition under the proper statutory framework." *Hallman v. Waybourn*, No. 4:20-cv-686-O, 2021 WL 1105330, at *1 (N.D. Tex. Feb. 10, 2021) (citing *Felker*, 518 U.S. at 662-65; *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2020) (relying on *Felker*); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987)).

So Nunez's habeas petition filed under Section 2241 but collaterally attacking a state conviction and sentence is properly considered under Section 2254. *See Hallman*, 2021 WL 1105330, at *1 ("Section 2254 is reserved for habeas petitions on 'behalf of a person in custody pursuant to a judgment of a State court.' 28 U.S.C. § 2254(a). Petitioner is such a person; thus, his petition is properly construed as a petition arising under § 2254."). And Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Nunez previously exercised his "one fair opportunity to seek federal habeas relief from [his capital murder] conviction," *Banister*, 140 S. Ct. at 1702, and his current claims allege defects in the state conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Nunez when he filed an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222; *In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam); *see* Dkt. No. 1 at 6-16 (challenging the sufficiency of the evidence, the indictment, and the constitutionality of the statute of conviction).

Nunez therefore presents claims that are successive.

And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the habeas application. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, considering the specifics of this case – in which Nunez attempted to evade AEDPA's requirements – "a dismissal without prejudice," to allow Nunez to properly request authorization to present his Section 2254 claims, "appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-

cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss the construed application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE